**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Christine Stinson, | No. CV-24-00328-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Banner Health, | |
| Defendant. | |

Plaintiff has filed an amended application to proceed in forma pauperis ("IFP"). Doc. 6. The Court will deny the application.

### A.   Legal Standard.

The Court may grant IFP status to an indigent party who submits an affidavit showing that she is unable to pay or give security for fees. 28 U.S.C. § 1915(a)(1). The affidavit must set forth the facts showing the person's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)); *see* LRCiv 3.3 (setting forth the specific requirements for affidavits in support of IFP status).

Because IFP status is a privilege, not a right, the Court should grant the status only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Stated differently, the Court should grant IFP status only if the supporting affidavit shows that the party cannot, because of her poverty, pay or give security for fees and still be able to provide herself and any dependents with the necessities of life. *Adkins v. E. I. Du Pont*

*de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

**B.    Discussion.**

Because there is no bright line rule to determine when someone is poor enough to be granted IFP status, "courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services." *Dominguez v. Comm'r of Soc. Sec.*, No. 1:23-CV-01785-GSA, 2024 WL 458357, at *1 (E.D. Cal. Jan. 5, 2024).  In her original IFP application, Plaintiff indicated that she was married with no dependents and that her spouse earns $72,000 annually working for American Airlines.  Doc. 2 at 1-3.  Because the federal poverty guidelines set an annual income of $20,440 as the poverty threshold for a household of two persons, the Court found that Plaintiff has not shown that paying the $405 filing fee would deprive her and her spouse of the necessities of life.  Doc. 5 at 2.[1]

In the amended IFP application, Plaintiff lists four minor children as dependents.  Doc. 6 at 3.  For a household of six persons, the federal poverty guidelines set an annual income of $41,960 as the poverty threshold.  *See* U.S. Dep't of HHS, *Poverty Guidelines for 2024*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Mar. 26, 2024).  Plaintiff's household income of $72,000 is greater than 170% of the poverty guideline, and the $405 filing fee would be less than 7% of the monthly household income of $6,000.  *See Gray v. Trump*, No. CV-20-00079-TUC-DCB, 2020 WL 1330669 at * (D. Ariz. Mar. 23, 2020) (denying an IFP application where the household income was greater than 130% of the poverty guideline); *Berner*, 2023 WL 3246978, at *2 (denying IFP application where the filing fee would be approximately 8% of the monthly household income).

---

[1] "[W]hether spousal income may be considered in the ability to pay inquiry is a fact question based on a particular plaintiff's circumstances." *Berner v. Comm'r of Soc. Sec. Admin.*, No. CV-23-00677-PHX-JAT, 2023 WL 3246978, at *1 (D. Ariz. May 4, 2023) (citing *Escobedo*, 787 F.3d at 1236).  Plaintiff's IFP application shows that her spouse's income, in this community property state, is available to her for support.  Doc. 2 at 1; *see Vimegnon v. Or. Health & Scis. Univ.*, No. 3:16-CV-02304-HZ, 2017 WL 111309, at *2 (D. Or. Jan. 9, 2017) ("[A] court may consider the income of an IFP applicant's spouse if a reasonable inquiry into the spouse's assets and income establishes that those assets and income are actually available to the IFP applicant.").

What is more, Plaintiff and her spouse own a home in Scottsdale, Arizona that is worth more than $800,000, and they have $500 in cash and more than $3,000 in checking accounts.  Doc. 6 at 2-3.  Plaintiff also indicates that they spend $300 per month on entertainment and recreation.  Doc. 6 at 3.  "Courts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses." *Kris K. v. Saul*, No. 3:20-CV-00515-RBM, 2020 WL 6119517, at *1 (S.D. Cal. Oct. 16, 2020).

The Court concludes that Plaintiff has not shown that she is indigent or that IFP status is warranted.  *See Hinojo v. Zuckerberg*, No. 1:23-cv-01184-JLT-SAB, 2023 WL 5724755, at *2 (E.D. Cal. Aug. 11, 2023) (denying IFP application where the plaintiff's household income was significantly greater than the poverty guideline and he had an available bank account balance from which to pay the filing fee).[2]

**IT IS ORDERED** that Plaintiff's amended IFP application (Doc. 6) is **denied**.  Plaintiff must pay the $405.00 filing fee within 14 days from the date of this Order.  If Plaintiff does not do so, the Clerk of the Court shall dismiss this case without prejudice and enter judgment accordingly.

Dated this 1st day of April, 2024.

David G. Campbell
Senior United States District Judge

---

[2] Because the Court will deny Plaintiff IFP status, the Court will not screen her complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2).

3